IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARK ANTHONY JASONI**,

    Plaintiff,                                                        No. 1:11-cv-03101-MO

        v.                                                         OPINION AND ORDER

**MICHAEL J. ASTRUE, Commissioner of Social Security**,

    Defendant.

**MOSMAN, J.**,

Mark Jasoni challenges the Commissioner's decision denying his claim for Disability Insurance Benefits ("DIB"). I have jurisdiction under 42 U.S.C. § 405(g) and now affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

On October 17, 2005, Mr. Jasoni filed for DIB, claiming disability beginning on December 15, 2000. AR 15.[1] The application was denied on November 3, 2005, and upon reconsideration on April 12, 2006. *Id.* An Administrative Law Judge ("ALJ") held a hearing on June 6, 2008. *Id.* On April 29, 2009, the ALJ issued her decision, finding Mr. Jasoni was not disabled prior to December 31, 2008, his date last insured ("DLI"), and therefore denying his

---

[1] Mr. Jasoni previously filed a DIB application on August 25, 2004, which was denied on November 3, 2004; He did not appeal that decision. AR 15.

1 – OPINION AND ORDER

claim. *Id*. at 23. The Appeals Council declined review on April 12, 2011, making the ALJ's decision the final decision of the Commissioner. *Id*. at 7. Mr. Jasoni appealed on August 23, 2011. I issued an order to show cause on April 4, 2012, requiring Mr. Jasoni to appear in writing to show cause why the case should not be dismissed for want of prosecution since he had failed to timely file his opening brief. (Order to Show Cause [12] 1). He did not respond to the order to show cause, but filed his opening brief on April 18, 2012. (Pl.'s Br. [14]).

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential process established by the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); 20 C.F.R. § 404.1520 (establishing five-step evaluative process for DIB claims). At step one, she reserved a ruling on whether Mr. Jasoni had engaged in substantial gainful activity since the alleged onset date. AR 17. At step two, she concluded that Mr. Jasoni had the following severe impairment as of the DLI: "degenerative disc disease of the lumbar spine, status post trauma at L4." *Id*. at 18. Continuing to step three, the ALJ found that the impairments and combination of impairments did not meet or exceed a disorder listed in the Commissioner's regulations. *Id.*

The ALJ next evaluated Mr. Jasoni's residual functional capacity ("RFC"), finding that he could perform light work as defined in the Commissioner's regulations "except he needs a sit/stand option; he can only occasionally climb, balance, stoop, kneel, crouch, and crawl; and he cannot bend to the floor." *Id*. At step four, the ALJ found that, in light of his RFC, Mr. Jasoni is not capable of performing his past relevant work as a carpenter. *Id*. at 22. At the fifth and final step, the ALJ relied on testimony from a vocational expert ("VE") and concluded that someone with Mr. Jasoni's age, education, work experience, and RFC could perform work that existed in significant numbers in the national economy. *Id*. at 23. The VE testified that someone with those characteristics could perform the jobs of general assembly, simple electrical inspection,

and hand packing or bagging. *Id*. Accordingly, the ALJ found Mr. Jasoni was not under a disability from the alleged onset date through the DLI. *Id*.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotations omitted).

Since Mr. Jasoni is proceeding pro se, I must "construe the pleadings liberally and . . . afford [him] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But at the same time, I "have no obligation to act as [his] counsel or paralegal." *Pliler v. Ford*, 542 U.S. 225, 226 (2004).

## DISCUSSION

Mr. Jasoni's only express argument in his five-sentence opening brief (he did not file a reply brief) is as follows: "I believe that Mark A. Jasoni is sufficiently disabled to receive disability benefits, by means of established medical history of back pain with sciatica, hepatitis

3 – OPINION AND ORDER

C, and acute depression." (Pl.'s Br. [14] 2). In a one-sentence "Statement of Facts" section, he also states that he has not been employed since 2004 "and statement [sic] from Veterans Administration proclaims he is unemployable." (*Id*. at 1). Liberally construing these statements, I discern two arguments. First, he argues that the ALJ should have found a more limiting RFC due to the evidence of limitations from Mr. Jasoni's claimed impairments. Second, he argues the ALJ ignored a Veterans Administration ("VA") finding that he is not employable.[2]

As to the first argument, Mr. Jasoni provides no insight as to how the ALJ mishandled evidence of his functional limitations. The burden is on a claimant at steps one through four of the sequential analysis, *Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 689 (9th Cir. 2009), and Mr. Jasoni has not met his burden of showing any problem with the RFC crafted by the ALJ. Based on a review of the record, there is substantial evidence supporting the ALJ's RFC. Among other things, there is no indication that plaintiff's depression or hepatitis C impaired his ability to work in any way that the ALJ could have appropriately incorporated into an RFC. *See, e.g.,* AR 18 (ALJ's summary of evidence showing that plaintiff has only occasionally requested depression medication and that plaintiff's hepatitis C "is asymptomatic, his liver function is preserved, . . . he has required no treatment . . . [and] this has no impact on his ability to work"), 478 (state consultant's Psychiatric Review Techniques Form indicating plaintiff had no mental functional limitations except for a "mild" restriction in maintaining concentration, persistence, or pace). And there is substantial evidence supporting the ALJ's conclusion that plaintiff's back problems imposed no more functional limitations on plaintiff

---

[2] A threshold problem with Mr. Jasoni's approach is that he has arguably not raised any argument with sufficient particularity. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (rejecting claimant's argument where he "failed to argue this issue with any specificity in his briefing"); *see also Zango, Inc. v. Kaspersky Lab, Inc.,* 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived."). Nevertheless, I construe his brief liberally in his favor as raising the two arguments addressed herein. I do not address the issue of whether his appeal should be dismissed simply because he failed to adequately raise any specific issues. However, I find that any other argument he may have intended to raise was not raised with sufficient particularly, even under liberal pro se standards, and therefore address no other arguments in this Opinion.

4 – OPINION AND ORDER

than reflected by the RFC.  *See id*. at 18–22 (ALJ's summary and analysis of medical evidence and testimony regarding limitations caused by back problems, including her finding that no treating or examining physician has ever indicated Mr. Jasoni has limitations greater than those in the RFC).  Accordingly, I reject the argument that the ALJ's RFC was erroneous and that the ALJ otherwise failed to account for the limitations posed by Mr. Jasoni's impairments.

As to the second argument, "although a VA rating of disability does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding in reaching his decision."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citation omitted).  An "ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record."  *Id*.  Despite the attention an ALJ must pay to a VA disability finding under *McCartey*, plaintiff's argument fails because he does not identify any such disability finding in the record and, as far as I can tell, did not ever suggest to the ALJ that such a finding exists.  To the extent that a VA disability finding exists, the argument would nonetheless fail because, in light of evidence in the record, there are obvious persuasive, specific, and valid reasons, which no ALJ could ignore, for giving little weight to any disability finding by the VA that conflicts with the ALJ's RFC here.  Among other things, records from VA providers (summarized by the ALJ) show that physicians Mr. Jasoni saw thought Mr. Jasoni could indeed do work in line with the RFC.  *E.g.,* AR 304 ("This veteran . . . needs to be in fairly light work.  He needs to be able to change positions frequently as needed for comfort.").  This fact not only suggests there is no disability finding by the VA that is inconsistent with the RFC here, but also shows that any failure to consider or specifically address such a finding would have been harmless error in this case.  *See McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011)

(explaining that, where the harmlessness of an error is clear, remand to address it is inappropriate). For these reasons, I reject this argument as well.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this   10th   day of August, 2012.

/s/ Michael W. Mosman<br>
MICHAEL W. MOSMAN<br>
United States District Court